IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | CR 14-63 (See CV 16-1023) |
| BRANDON QUINN, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

**MEMORANDUM OPINION**

Petitioner Brandon Quinn, on July 11, 2016, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 42), and, on October 28, 2016, filed a memorandum of law in support thereof (Doc. No. 51). Upon consideration of this motion and memorandum, and upon further consideration of the Government's response thereto (Doc. No. 52), filed on November 17, 2016, and Petitioner's reply to the Government's response (Doc. No. 58), filed on June 1, 2017, the Court denies Petitioner's motion for the reasons set forth below.

**I.     Background**

On or about March 11, 2014, an indictment was returned by the Grand Jury charging Petitioner with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). At Petitioner's request (Doc. No. 26), the Honorable Gustave Diamond ordered,[1] on February 18, 2015, that a pre-guilty plea Presentence Investigation Report ("PIR") be prepared.  The Court also scheduled a change of plea/sentencing hearing for June 17, 2015. The pre-guilt PIR was prepared on May 13, 2015, and after the parties had been given an

---

[1]     This case was originally assigned to the Honorable Gustave Diamond, and Judge Diamond presided over all of the relevant district court proceedings.

1

opportunity to respond to the PIR, the Court, on June 9, 2015, issued its Memorandum Order and Tentative Findings and Rulings. (Doc. No. 33). In those findings, Judge Diamond tentatively found that Petitioner had an offense level of 34 and a criminal history category of II pursuant to the United States Sentencing Guidelines. Accordingly, Judge Diamond found that the applicable advisory guideline sentencing range was 168-210 months' imprisonment.

At the June 17, 2015 hearing, Petitioner pled guilty to Counts One and Two without a plea agreement. During the sentencing portion of the hearing, Judge Diamond varied significantly from the recommended guideline sentencing range and sentenced Petitioner to a term of imprisonment of 100 months at each of Counts One and Two, to be served concurrently, to be followed by 15 years' supervised release at each of Counts One and Two, to be served concurrently. Judgment was entered on that same date, and no appeal was taken from the conviction and/or sentence.

On July 11, 2016, Petitioner, acting pro se, filed the present motion pursuant to 28 U.S.C. § 2255. On July 12, 2016, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court issued a Notice advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit Court of Appeals that certain exceptional circumstances exist. With that in mind, Petitioner was notified to advise the Court as to how he wished to proceed in this case, and specifically that he had three options: (1) to withdraw the pending motion and file a new, all-inclusive, Section 2255 petition within the one-year statutory period of the AEDPA; (2) to present by amendment to the pending motion any additional claims or materials in support of his pending claims within 120 days of notification of his intention to amend; or (3) to have his motion ruled upon as filed. The Court further informed Petitioner that

failure to notify the Court of which option he wished to pursue would result in the Court ruling on the motion in its pending form. Petitioner did not respond, and the Court, therefore, will proceed to adjudicate his Section 2255 motion as it was originally filed.[2]

**II.    Discussion**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted, Petitioner brings his pro se motion pursuant to Section 2255. This statute permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

The precise nature of Petitioner's alleged grounds for relief is somewhat murky. He clearly raises at least two claims alleging ineffective assistance of counsel in Grounds One and Two of his motion. However, he pursues only aspects of this alleged ineffectiveness in his supporting memorandum. Specifically, he provides no support for the claim that his counsel was

---

[2]    The Court notes that, in addition to his Section 2255 motion, Petitioner also filed several motions for the production of documents, which Judge Diamond denied. (Doc. Nos. 44, 47, 49, 50). As the Court's holding here relies solely on information from the public record of this case, it will not revisit the issue. The Court further notes that the Court itself made sure that Petitioner received a copy of the transcript of the June 17, 2015 plea and sentencing hearing prior to the filing of his Reply. (Doc. No. 57).

3

ineffective by failing to review the PIR with him until "only days" before the plea and sentencing hearing or for the contention that counsel failed to move for the suppression of evidence seized from his mother's property due to an allegedly defective warrant. These aspects of the ineffectiveness claims, therefore, appear to have been abandoned. Regardless, there is no support in the record for either claim. Accordingly, the Court will address the remaining ineffective assistance of counsel claims set forth at Grounds One and Two.

Ground Three, as set forth in the motion, is not an ineffectiveness claim but rather a substantive claim regarding the calculation of Petitioner's criminal history category pursuant to the Sentencing Guidelines. In his supporting memorandum, though, he attempts to couch this argument as an ineffective assistance of counsel claim. The Court emphasizes that a substantive claim regarding the Court's calculation of Petitioner's criminal history category would likely be procedurally defaulted, as he failed to raise the issue (or any issue) on appeal. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (superseded by rule on other grounds as recognized in United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012)).[3] However, the Court will accept Petitioner's contention that his claim is really one best framed as an ineffective assistance of counsel claim and consider it as such. Regardless, for the reasons that follow, the Court finds no merit in Petitioner's claims and finds that the record conclusively shows that he is not entitled to relief under Section 2255 on any of the grounds that he alleges.[4]

---

[3]   Not only did Petitioner did not bring a direct appeal, he has offered no objective evidence as to why he did not raise these claims on appeal. He therefore cannot establish the requisite cause for failing to do so. See Bousley, 523 U.S. at 622. Furthermore, he does not allege that he is actually innocent of his offenses of conviction. See id.
[4]   Since the record itself conclusively shows that Petitioner is not entitled to relief, no evidentiary hearing is necessary.

4

A defendant seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result—that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted). "'It is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance.'" United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997) (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

As mentioned above, Petitioner alleges that his counsel was constitutionally ineffective for three separate reasons: (1) in failing to file a motion to suppress what he alleges to have been un-Mirandized custodial statements; (2) in failing to object to portions of the PIR; and (3) in failing to challenge a prior conviction used to calculate his criminal history score. The Court, however, finds that Petitioner is not entitled to relief on any of these grounds.

The first two alleged reasons for counsel's ineffectiveness are related, as both relate to the alleged failure of counsel to challenge the use of statements made by Petitioner which he maintains were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). As discussed, he alleges that counsel first should have sought to suppress his statements on Fifth Amendment grounds and next that he should have objected to the use of these statements in the PIR. Petitioner argues that counsel did not have knowledge that the statements he gave may have been subject to suppression, and that counsel should at least have inquired into and investigated the matter. However, even assuming that counsel was deficient in failing to properly investigate whether there was a basis for suppression of this statements, Petitioner has not established any prejudice that would satisfy the Strickland standard.

As discussed, Petitioner pled guilty in this case. In the context of a challenge to a guilty plea based on ineffective assistance of counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, though, Petitioner at no point asserts that suppression of the statements at issue would have caused him to proceed to trial.[5] He argues instead that suppression of the statements would have prevented them from being included in the PIR. He contends that the PIR, "fortified with this illegally obtained 'confession,'" was an important factor in his decision to plead guilty. (Doc. No. 51 at 7).

---

[5]   Indeed, as discussed at the plea and sentencing hearing, the Government was relying on considerably more than Petitioner's statements to prove its case, including: (1) evidence of communications between Petitioner and an undercover agent of the Department of Homeland Security; (2) information identifying the IP address of Petitioner's computer; (3) surveillance of the home where Petitioner was found to live with his mother; (4) evidence seized during a search of that residence on October 28, 2013, including the computer used by Petitioner to commit the charged crimes; (5) information obtained in an interview with Petitioner's mother on that date; and (6) forensic evidence regarding the contents of the seized computer. (Doc. No. 52-1 at 17-20). All of this other evidence appears to have been obtained prior to or at least to have been unrelated to Petitioner's confession, and Petitioner makes no claim to the contrary.

Although he never actually states that he would, in fact, have proceeded to trial if faced with a PIR without such "fortification," he does indicate that this would have altered his plea strategy.

Petitioner is essentially, then, arguing that he was prejudiced by the inclusion of his alleged non-Mirandized custodial statements in the PIR. However, even if these statements would have been susceptible to suppression at trial in determining Petitioner's guilt, they would have still been properly included in the PIR. The exclusionary rule does not operate at the sentencing phase of a criminal proceeding as it does at the guilt phase. Indeed, evidence obtained in violation of the Constitution generally, and statements obtained in violation of the Fifth Amendment specifically, are not generally subject to suppression at sentencing. See Del Vecchio v. Illnois Dept. of Corrects., 31 F.3d 1363, 1388 (7th Cir. 1994) (citing United States v. Torres, 926 F.2d 321 (3d Cir. 1991)). Statements that could have been (or even that were) suppressed at trial pursuant to Miranda can still be included in the PIR and considered by the sentencing judge in determining and imposing an appropriate criminal sentence. See Del Vecchio, 31 F.3d at 1388; United States v. Nichols, 438 F.3d 437, 442 (4th Cir. 2006); United States v. Jackson, 713 Fed. Appx. 963, 968 (11th Cir. 2017).[6]

Therefore, Petitioner's contention that he was prejudiced by his counsel's failure to move to suppress or to otherwise object to the statements being contained in the PIR on the basis that they were obtained in violation of Miranda, lacks merit. Even if Miranda and its progeny would have provided a plausible basis for suppressing the statements at trial, this would not have

---

[6] The issue regarding the admissibility of such statements at sentencing is therefore not whether they were obtained in violation of the Fifth Amendment, but whether the statements were voluntary and otherwise reliable. See Del Vecchio, 31 F.3d at 1388; Nichols, 438 F.3d at 442; Jackson, 713 Fed. Appx. at 968. Petitioner here does not allege that the statements he made to law enforcement were coerced or involuntary, or that they were otherwise unreliable. He merely contends that they were un-Mirandized custodial statements.

impacted the preparation of the PIR. Accordingly, any attempt to have kept this information out of the PIR would have been futile.

The Court notes that in the ordinary course, a PIR is not prepared until after a criminal defendant's guilt has been established, either by conviction at trial or plea, and is used by the presiding judge to determine what the appropriate sentence should be. There are instances, though, where a court may allow for a PIR to be prepared prior to the entry of a plea of guilty or *nolo contendere*. See Fed. R. Crim. P. 32(c)(1)(A), (e)(1); Local Rule 32(E). This case was one of those instances, as the PIR was, in fact, compiled prior to Petitioner pleading guilty. This was done at Petitioner's request and with the understanding that he intended to plead guilty after reviewing the report. Indeed, in making the request, Petitioner indicated that he was "desirous of entering a guilty plea in any event." (Doc. No. 26 at 1). The Court scheduled a change of plea and sentencing hearing at the same time it ordered the preparation of the PIR. (Doc. No. 27). Judge Diamond did not order the preparation of the pre-conviction PIR merely for Petitioner to consider in making his general decision whether to plead guilty or proceed to trial or in deciding whether to seek the suppression of any evidence; instead, the report was ordered because it was intended to be used as part of a joint plea and sentence hearing. To be sure, Petitioner may have re-thought his tentative decision to plead guilty after reviewing the PIR, but it is simply inaccurate to claim that the PIR was prepared early for that purpose.

It is also important to recognize that Petitioner does not allege that a suppression motion should have been filed in lieu of the request for a pre-guilt PIR, nor does he at any point argue that filing such a motion rather than requesting a pre-conviction PIR would have changed his

decision to plead guilty.[7] His contention is that a hypothetical PIR that did not contain reference to his statements would have impacted his decision-making strategy. As discussed at length herein, the information in the PIR that he believes impacted his decision to plead guilty was, in fact, properly included in the PIR. Whether the information could have been suppressed at trial, and what the impact of that would have been, are separate issues that Petitioner does not address. The decision as to whether to proceed to trial or to plead involves numerous considerations regarding the likelihood of conviction and the different sentencing exposure criminal defendants face by going to trial rather than by entering a guilty plea. This is why the United States Supreme Court has emphasized that strict adherence to the Strickland standard is particularly important when reviewing counsel's decisions during the plea bargaining stage. See Premo v. Moore, 562 U.S. 115, 125-28 (2011).

Here, for example, Petitioner would have had to have weighed, not only the likelihood that his statements would, in fact, have been suppressed, he would have had to consider how significant his statements were in the context of the other evidence, since, as stated above, the Government intended to rely on considerably more than Petitioner's statements to prove his guilt (Doc. No. 52-1). This alone materially distinguishes Petitioner's case from the one on which he most heavily relies, United States v. Serrano, 798 F. Supp. 2d 634 (E.D. Pa. 2011), where suppression of the defendant's confession would have "sounded a death knell for the prosecution's case." Id. at 646. Further, Petitioner would have had to analyze the impact proceeding to trial, or potentially even just filing a suppression motion, might have had in regard to his potential sentencing exposure, particularly in regard to what reduction, if any, he could have received to his offense level under Section 3E1.1 of the Sentencing Guidelines.

---

[7] The pre-conviction PIR was actually requested in conjunction with a proposed plea agreement that the parties were then considering. Petitioner ultimately chose to take an open plea rather than to enter into the agreement. (Doc. No. 52-1 at 22).

9

Rather than address how a possibly meritorious suppression motion would have impacted this decision-making process, Petitioner merely states that it was the inclusion of the statements in the PIR that potentially impacted his decision. However, such a bare allegation that but for counsel's alleged error he would have proceeded to trial rather than plead guilty is not sufficient to establish ineffective assistance of counsel. See Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995) (superseded by statute as recognized in Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)). Moreover, the inclusion of the statements in the PIR had no bearing on whether the statements could be suppressed at a potential trial or, if so, how this would weigh in the decision as to whether to plead guilty or proceed to trial. Petitioner does not, and of course cannot, contend that he was unaware that he had made the statements prior to seeing them referenced in the PIR. As discussed, the statements could properly be included in the PIR and considered by the Court at sentencing regardless of any potential Fifth Amendment violation. Further, Petitioner's stated reason for seeking the pre-guilt PIR was for analysis of the potential application of the Sentencing Guidelines, not to discover what information the Government had generally or to gauge the admissibility of potential evidence at trial. (Doc. No. 26).

The choice of whether or not to accept a plea offer belongs to the criminal defendant. See Florida v. Nixon, 543 U.S. 175, 187 (2004). Here, Petitioner chose to pursue a plea in lieu of proceeding to trial. At no point does he claim that this entire process should have been scuttled so as to pursue a suppression motion and proceed to trial. As such, he was not actually prejudiced in any way by his counsel's alleged failure to seek the suppression of the evidence at issue.

Petitioner's final basis for arguing that he is entitled to relief because of ineffective assistance of counsel fares no better. He argues that counsel erred in failing to challenge the

inclusion of his 2011 Pennsylvania state conviction in the determination of his criminal history category under the Sentencing Guidelines.[8] He asserts that the conviction at issue was uncounseled, and that it therefore should not have been treated as a prior conviction for guideline purposes. He argues, therefore, that his criminal history category should have been I instead of II and that his recommended guideline sentencing range, therefore, should have been 151-188 months rather than 168-210 months. However, even assuming Petitioner is correct in his assessment of his 2011 conviction, and in arguing that counsel was ineffective in failing to challenge it, he again cannot establish the requisite prejudice.

At sentencing, Judge Diamond considered Petitioner's criminal history category to be II and his recommended guideline sentencing range to be 168-210 months. However, he did not sentence Petitioner within that range. Instead, he varied significantly from the guideline recommendation and imposed a sentence of imprisonment of 100 months. Petitioner acknowledges this, but argues that, had his recommended guideline range been lower, the sentencing judge would have varied even further downward. However, the record does not support such an argument. The sentence imposed was based, not on some specific reduction from the bottom of what the Judge believed to be the relevant guideline range, but on the factors set forth in 18 U.S.C. § 3553(a). Specifically, Judge Diamond discussed how this sentence compared to sentences received by other defendants he had sentenced for similar acts. (Doc. No. 52-1 at 32). The specific size of this variance from the bottom of the recommended sentencing range was not discussed in any way. It is, therefore, not accurate to say that the sentence Petitioner received – which again constituted a substantial variance – was based on or tied to the sentencing range recommended by the guidelines.

---

[8]  The Court again emphasizes that it is treating Petitioner's argument as one based on a claim of ineffective assistance of counsel, and not as a substantive challenge to the sentencing judge's determinations.

Accordingly, even assuming that counsel should have challenged the inclusion of the 2011 conviction, there is no support in the record for the idea that a successful challenge would have changed the sentence received by Petitioner in any way. At the very least, there is no basis for finding that counsel would have had any reason to believe that challenging this prior conviction would have led to a lesser sentence, given the lack of relationship between the guideline recommendation and the sentence ultimately imposed. As such, there is simply no prejudice.

### III. Conclusion

For the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under Section 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue in this action.

s/ Alan N. Bloch
United States District Judge

Date: August 28, 2018

ecf: Counsel of record

cc: Brandon Quinn, Fed. Reg. No. 60536-060
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640